UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK DARNELL HARRIS,<br><br>Petitioner,<br><br>v.<br><br>WARREN L. MONTGOMERY,<br><br>Respondent. | No. 1:19-cv-01430-DAD-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. Nos. 12, 22.) |

Petitioner Patrick Darnell Harris is a state prisoner proceeding with counsel with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rules 302 and 304.

On December 12, 2019, respondent filed a motion to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244(d). (Doc. No. 12 at 3.) Petitioner filed an opposition to respondent's motion on January 21, 2020. (Doc. No. 16.) On March 10, 2020, respondent filed a reply thereto. (Doc. No. 21.)

On March 16, 2020, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss be granted and that the petition be dismissed with prejudice due to petitioner's failure to comply with the one-year limitations period

/////

1

established in 28 U.S.C. § 2244(d).[1]  (Doc. No. 22.)  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days of service.  (*Id.* at 8.)  On April 6, 2020, petitioner filed objections to the pending findings and recommendations.  (Doc. No. 23.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

In his objections to the pending findings and recommendations, petitioner first objects to the magistrate judge's finding that any unjustified delay longer than sixty days when filing a habeas petition to a higher court is unreasonable.  (Doc. No. 23 at 3.)  Petitioner instead argues that "a 60-day universal bar is inappropriate and, when assessing the reasonableness on a delay between an adverse decision and application to a higher court, each case should be decided on a case-by-case basis."  (*Id.* at 4.)  But petitioner does not cite any authority to support his argument in this regard.  Moreover, petitioner does not address any of the cases that are cited in the pending findings and recommendations, all of which stand for the proposition that the Ninth Circuit and district courts therein have concluded that an unjustified delay longer than 60 days in filing a petition in the next appellate level in state court is unreasonable.  (Doc. No. 22 at 4–5.)  Indeed, petitioner's delay of 101 days in such filing was longer than all but one of the cases cited in the pending findings and recommendations.  (*Id.*)  Furthermore, petitioner's argument that his delay was justified because additional time for research and drafting was needed is not supported by the binding authority in this area.  *See Velazquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (concluding that petitioner's tardiness was unjustified because "it is not reasonable that [petitioner's] counsel would need excess time essentially to re-file an already written brief.")  Accordingly, the undersigned agrees with the magistrate judge's finding that petitioner's 101-day

---

[1] The findings and recommendations conclude that any application for federal habeas relief to be filed by petitioner was due not later than July 5, 2019, but that he did not file his untimely petition with this court until October 9, 2019, more than three months after the applicable statute of limitations had expired.

2

delay in filing his habeas petition to the California Supreme Court was unjustified and unreasonable.

Petitioner next objects to the findings and recommendations by arguing that equitable tolling should apply because "extraordinary circumstances existed," thereby rendering his petition timely.  (Doc. No. 23 at 5.)  Petitioner is correct in stating that extraordinary circumstances are required to establish equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotation marks omitted).  As a result, "equitable tolling is unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and the petitioner bears the burden of proving that tolling is proper, *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010).  In particular, petitioner objects to the magistrate judge's finding that equitable tolling does not apply here because, according to petitioner, his solitary confinement was an extraordinary circumstance that prevented him from consulting with legal counsel or approving authorization of filing the petition, which resulted in the delay in filing.  (Doc. No. 23 at 5–6.)

First, petitioner argues that, while his counsel may have drafted and ultimately filed the petition, counsel was unable to obtain authorization from petitioner to move forward with the petition in California Supreme Court because of his placement in solitary confinement.  (Doc. No. 23 at 5–6.)  However, the timeline of petitioner's case demonstrates otherwise.  The California Court of Appeals denied his habeas petition on March 22, 2019.  (Doc. No. 16 at 4.)  Petitioner was placed in solitary confinement from April 18, 2019 to May 23, 2019.  (*Id.*)  From the time when the Court of Appeals denied the petition on March 22, 2019 to when petitioner filed in California Supreme Court on July 1, 2019, petitioner spent sixty-six of the 101 days outside of solitary confinement.  Petitioner comes forward with no argument addressing why he was unable to file his petition during the sixty-six days he was not being held in solitary confinement.  Given the length of time, the relative simplicity of the now-filed petition, and the work of counsel to draft and file the petition, the court concludes that petitioner's placement in solitary

/////

3

confinement for only part of the applicable time period did not constitute "extraordinary circumstances" that precluded the timely filing of his petition for federal habeas relief.

Second, petitioner objects to the magistrate judge's characterization that petitioner's placement in solitary confinement was due to his own actions. (Doc. No. 23 at 5–7.) Though petitioner's argument is based on the circumstances of his solitary confinement, petitioner merely states that there are "numerous purposes" as to why a prison would place a prisoner in solitary confinement—he does not actually explain that the reason for his placement in solitary confinement in this instance was beyond his control. (*Id.* at 6.) In the findings and recommendations, the magistrate judge merely noted that "generally, a prisoner is not placed in solitary confinement unless he caused such placement" and indicated that specific evidence to the contrary may justify equitable tolling of the applicable statute of limitations. The magistrate judge also explained that if petitioner "provide[d] any specifics on this placement," the presumption that prisoners are placed in solitary confinement for their own actions would be weakened. (Doc. No. 22 at 6.) In his objections to the findings and recommendations, petitioner claims that his solitary confinement could be due to his alleged gang membership, but he again fails to provide any specifics in this regard. (Doc. No. 23 at 6.) Such speculation does not satisfy the "extraordinary circumstances beyond a prisoner's control" standard. *Shannon v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005). Moreover, as the Ninth Circuit has observed in this context "[e]ach of the cases in which equitable tolling has been applied have involved *wrongful* conduct, either by state officials or, occasionally, by the petitioner's counsel." *Id.* at 1090; *see, e.g.*, *Stillman v. Lamarque*, 319 F.3d 1199 (9th Cir. 2003) (ruling equitable tolling applied when prison litigation coordinator reneged on promise to petitioner's lawyer that he would obtain petitioner's signature in time for filing); *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003) (ruling petitioner was entitled to equitable tolling when counsel hired a full year before the end of the limitations period for a § 2254 petition utterly failed to do so and refused to return petitioner's files). Here, petitioner has not pointed to any wrongful conduct by any third party that would entitle him to equitable tolling.

/////

In sum, petitioner's objections fail to demonstrate that extraordinary circumstances beyond his control existed that prevented him from acting diligently to litigate his claim to federal habeas relief. Accordingly, the undersigned will adopt the pending findings and recommendations in full.

In addition, having concluded that the pending petition must be dismissed as untimely, the court now turns to whether a certificate of appealability should be issued. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issue on March 16, 2020 (Doc. No. 22) are adopted in full;

2. Respondent's motion to dismiss the pending petition as barred by the applicable statute of limitations (Doc. No. 12) is granted;

3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed with prejudice;

/////

/////

/////

5

4. The court declines to issue a certificate of appealability; and

5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 21, 2020**                                  /s/ Dale A. Drozd
                                               UNITED STATES DISTRICT JUDGE